UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                                          Chapter 7

Patrick Madden, Jr., & Michele Madden                     Case No.: 8-13-72344-dte
                                                                                Judge Dorothy T. Eisenberg
                           Debtors.
-----------------------------------------------------------X

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that upon the application (the "Application") of Andrew M. Thaler, chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Patrick Madden, Jr., and Michele Madden (the "Debtors"), a hearing will be held before the Honorable Dorothy T. Eisenberg, United State Bankruptcy Judge for the Eastern District of New York, located at 290 Federal Plaza, Room 760, Central Islip, New York 11722, on February 25, 2014, at 10:00 a.m., to consider the motion seeking an Order: (i) directing the Debtors to turn over to the Trustee non-exempt property of the Estate; (ii) directing the Debtors to comply with the Trustee's demand for documents and information relating to property of the Estate; and (iii) granting such other and further relief as the Court deems just and proper (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that objections to Motion, if any, must: (i) be in writing and state with particularity the legal and factual grounds supporting the objection(s); (ii) be electronically filed with the Bankruptcy Court, with an additional copy delivered to the chambers of the Honorable Dorothy T. Eisenberg; and (iii) served upon Thaler Law Firm PLLC, located at 675 Old Country Road, Westbury, New York 11590; Attn: Andrew M. Thaler, Esq., to be received no later than February 18, 2014, at 5:00 p.m.

Dated: Westbury, New York                        THALER LAW FIRM PLLC
       January 17, 2014                                *Attorneys for Andrew M. Thaler,*
                                                                 *Chapter 7 Trustee*
                                                                 675 Old Country Road
                                                                 Westbury, New York 11590
                                                                 Phone: (516) 279-6700
                                                                 Fax: (516) 279-6722
                                            By:        _____/s/ Andrew M. Thaler_____
                                                                 Andrew M. Thaler
                                                                 athaler@athalerlaw.com

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:                                               Chapter 7

Patrick Madden, Jr., & Michele Madden,               Case No.: 8-13-72344-dte
                                                     Judge Dorothy T. Eisenberg
                        Debtors.
------------------------------------------------------------X

### APPLICATION IN SUPPORT OF TRUSTEE'S MOTION TO DIRECT TURNOVER OF PROPERTY OF THE ESTATE AND COMPLIANCE WITH TRUSTEE'S DEMANDS FOR DOCUMENTS AND INFORMATION

**TO:**   **THE HONORABLE DOROTHY T. EISENBERG
UNITED STATES BANKRUPTCY JUDGE**

The application (the "Application") of Andrew M. Thaler, chapter 7 trustee (the "Trustee" or "Applicant") of the bankruptcy estate (the "Estate") of Patrick Madden, Jr., and Michele Madden (the "Debtors"), by his attorneys, Thaler Law Firm PLLC, respectfully represents:

### RELIEF REQUESTED

1.      This is a contested matter brought pursuant to Fed. R. Bankr. P. 4002, 9013, 9014 and 11 U.S.C. §§ 521(a)(3)–(4), 542(a), seeking entry of an Order: (i) directing the Debtors to turn over to the Trustee non-exempt property of the Estate; (ii) directing the Debtors to comply with the Trustee's demand for documents and information relating to property of the Estate; and (iii) granting such other and further relief as the Court deems just and proper (the "Motion").

## BACKGROUND

2.  On April 30, 2013 (the "Petition Date"), the Debtors commenced this case by filing a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code").

3.  In Schedule B – Personal Property, filed with the Debtors' petition, the Debtors listed interests in, among other things, an Astoria Federal Savings Bank checking account (the "AFSB Account"), a TD Bank joint checking account (the "Joint TD Account"), and a TD Bank checking account (the "TD Account") (together the "Bank Accounts"). A copy of the Debtors' Schedule B is attached as Exhibit "A."

4.  After the Debtors' first section 341 meeting of creditors, which was held on June 10, 2013, the Trustee sent the Debtors a letter requesting documents and information regarding the Bank Accounts and an insurance claim for damages to their real and personal property arising out of Hurricane Sandy (the "Insurance Claim").

5.  The Debtors first informed the Trustee of the Insurance Claim during their examination at the section 341 meeting of creditors; the Debtors did not list the Insurance Claim in their petition. Indeed, the Debtors failed to indicate in their petition that they suffered any losses, even when specifically asked in the Statement of Financial Affairs.

6.  The Trustee sent the Debtors letters on July 19, 2013, and August 9, 2013, requesting statements evidencing the balances in the Bank Accounts as of the Petition Date as well as documents evidencing the Insurance Claim and any checks relating to payment of the Insurance Claim. Copies of the July 19, 2013, and August 9, 2013, letters are attached as Exhibit "B."

7. By letter dated August 9, 2013, the Debtors produced documents partially responsive to the Trustee's initial requests. Specifically, the Debtors provided bank statements only for the Joint TD Account and documents evidencing the insurance company's appraisal of the Debtors' losses for the Insurance Claim.

8. After reviewing these documents, the Trustee determined that the balance of the Joint TD Account as of the Petition Date was $6,145.97. Additionally, the Trustee identified two separate $5,000.00 withdrawals that the Debtors made within one week of the Petition Date as well as a deposit of $18,573.24 made just seventeen days after the Petition Date.

9. Accordingly, the Trustee sent another letter to the Debtors on August 15, 2013, renewing his request for bank statements for the AFSB Account and the TD Account and requesting additional documents and information regarding the two $5,000.00 prepetition withdrawals and the $18,573.24 postpetition deposit. A copy of the August 15, 2013, letter is attached as Exhibit "C."

10. Having received no response to his letter of August 15, 2013, the Trustee sent another letter on September 17, 2013. In addition to restating the above requests for documents and information, the Trustee demanded turnover of $6,145.97, the balance in the Joint TD Account as of the Petition Date. A copy of the September 17, 2013, letter is attached as Exhibit "D."

11. By a letter dated September 26, 2013, the Debtors responded, in part, to the Trustee's September 17, 2013, letter. Specifically, the Debtors provided the Trustee with bank statements for the AFSB Account, proof of the Debtors' use of the two $5,000.00

prepetition withdrawals to pay for construction costs, and a letter indicating that the $18,573.24 postpetition deposit was in partial payment of the Insurance Claim.

12. The Trustee's review of the AFSB Account statement indicated that the AFSB Account had a balance of $632.93 as of the Petition Date.

13. Despite several requests from the Trustee, however, the Debtors still had not provided bank statements for the TD Account. Moreover, the letter indicating that the $18,573.24 postpetition deposit was in partial payment of the Insurance Claim failed to convey what specific damage the funds were intended to reimburse and how the Debtors used the funds.

14. Accordingly, on September 26, 2013, the Trustee sent the Debtors yet another letter, raising his turnover demand from $6,145.97 to $6,778.90 in order to include the $632.93 balance of the AFSB Account as of the Petition Date. A copy of the September 26, 2013 letter is attached as Exhibit "E."

15. The Trustee's September 26, 2013, letter also specified the Trustee's request for documents relating to the Insurance Claim to include whether the $18,673.24 payment on May 15, 2013, was a reimbursement for funds the Debtors already expended in making repairs and replacing property or, conversely, an advance of funds so that the Debtors could later pay for such repairs and replacements. The Trustee also requested additional documents and a written explanation to clarify for the Trustee the exact status of the Insurance Claim, the funds that the Debtors already received, and the funds they are entitled to receive in the future.

16.   Having received no response to his letter of September 26, 2013, the Trustee reached out to the Debtors' attorney to determine the cause of the delay. The Debtors' attorney informed the Trustee that he could not locate the September 26, 2013, letter and requested additional time to comply. As a courtesy, the Trustee resent the September 26, 2013, letter on November 18, 2013, affording the Debtors and their attorney additional time within which to finally comply with the Trustee's requests.

17.   Despite providing the Debtors and their attorney with several opportunities to comply with his turnover demands and document requests, the Trustee has not received turnover of the balances of the AFSB Account and the Joint TD Account, nor has he received the documents and information he requested regarding the TD Account and the Insurance Claim.

## APPLICATION

18.   By this Application, Applicant seeks the entry of an Order compelling the Debtors to turn over $6,778.90, representing the non-exempt balances of the AFSB Account and the Joint TD Account as of the Petition Date, and requiring the Debtors to comply with the Trustee's requests for documents and information regarding the TD Account and the Insurance Claim.

19.   Applicant respectfully submits that 11 U.S.C. §§ 521(a)(3)–(4) and 542(a) require the Debtors to comply with the Trustee's demand for turnover of the non-exempt balances of the AFSB Account and the Joint TD Account as of the Petition Date as well as documents indicating the Petition Date balance of the TD Account, which balance the Debtors must also turn over to the Trustee. Moreover, Applicant respectfully submits that

U.S.C. §§ 521(a)(3)–(4) require the Debtors to comply with the Trustee's requests for documents and information relating to the Insurance Claim, so as to enable the Trustee to fulfill his statutory duties under 11 U.S.C. § 704(a)(1).

### A. Relevant Statutory Provisions

20. The Debtor is required to fulfill certain statutory duties under 11 U.S.C. § 523(a). Specifically, 11 U.S.C. § 521(a)(3) requires that a debtor "cooperate with the trustee as necessary to enable the trustee to perform the trustee's duties under this title."

21. Similarly, 11 U.S.C. § 521(a)(4) requires that a debtor "surrender to the trustee all property of the estate and any recorded information, including books, documents, records, and papers, relating to property of the estate, whether or not immunity is granted under section 344 of this title."

22. 11 U.S.C. § 542(a) provides that "an entity, other than a custodian, in possession, custody, or control during the case, of property that the trustee may use, sell, or lease under section 363 of this title ... shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate."

23. The Trustee's statutory duties are found in 11 U.S.C. § 704. 11 U.S.C. § 704(a)(1) requires that the trustee "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest."

24. Moreover, as part of the trustee's duty to administer the bankruptcy estate, 11 U.S.C. § 704(a)(4) requires that the trustee "investigate the financial affairs of the debtor."

### B. The Balances of the Bank Accounts as of the Petition Date are Non-Exempt Property of the Estate

25. In order to protect the significant equity in their residence, in Schedule C – Property Claimed as Exempt, the Debtors claimed the New York State homestead exemption under N.Y. C.P.L.R. 5206. A copy of the Debtors' Schedule C is attached as Exhibit "F."

26. Having done so, the Debtors are not entitled to avail themselves of the contingent alternative bankruptcy exemption pursuant to N.Y. DEBT. & CRED. LAW § 283(2), because the availability of that cash exemption is conditioned on a debtor not claiming a homestead exemption pursuant to N.Y. C.P.L.R. 5206. See N.Y. DEBT. & CRED. LAW § 283(2); In re Borowiec, 396 B.R. 598, 600 (Bankr. W.D.N.Y. 2008) (citing N.Y. DEBT. & CRED. LAW § 283(2) ("Having claimed a homestead exemption, the debtor cannot now claim an exemption for such cash.").

27. In other words, because the Debtors claimed the New York State homestead exemption, they do not have an exemption available to protect the value of the balances of the Bank Accounts as of the Petition Date.

28. Accordingly, the balances of the Bank Accounts as of the Petition Date are property of the Estate under 11 U.S.C. § 541(a), property which the Debtors are required to turn over to the Trustee under 11 U.S.C. §§ 521(a)(4) and 542(a).

### C. The Debtors Are Required to Provide the Trustee with the Requested Documents

29. As noted above, the Debtors are under a statutory duty pursuant to 11 U.S.C. §§ 521(a)(3)–(4) to cooperate with the Trustee to enable him to fulfill his statutory duties and provide the Trustee with all documents and information relating to property of the Estate.

30. The Trustee has now made several requests for the Debtors to provide the Trustee with documents and information regarding the balance of the TD Account as of the Petition Date, which is non-exempt property of the Estate, and the Insurance Claim, the proceeds of which may constitute non-exempt property of the Estate.

31. The Debtors are required to provide the Trustee with these documents under 11 U.S.C. §§ 521(a)(3)–(4). Having repeatedly failed to do so, the Trustee has no recourse other than to seek the assistance of the Court in obtaining these documents.

### D. Conclusion

32. By failing to comply with the Trustee's demand for turnover of the Petition Date balances of the Bank Accounts and requests for documents and information relating the TD Account and the Insurance Claim, the Debtors have failed to fulfill their statutory duties under 11 U.S.C. §§ 521(a)(3)–(4).

33. In doing so, the Debtors have hindered the Trustee's ability to fulfill his statutory duties under 11 U.S.C. § 704(a)(4); namely, to investigate and collect the Debtors' non-exempt assets, expeditiously administer the Estate, and close the Debtors' case.

34. The Trustee does not believe it is fair, however, for general unsecured creditors to suffer as a result of the Debtors' failure to comply with their statutory duties

under the Bankruptcy Code. Accordingly, the Trustee requests that the Court require the Debtors to pay the costs and expenses, including attorneys' fees, the Trustee incurred in bringing this Motion.

**WHEREFORE**, Applicant respectfully requests that the Court enter an Order: (i) directing the Debtors to turn over to the Trustee the non-exempt balances of the Bank Accounts as of the Petition Date; (ii) directing the Debtors to comply with the Trustee's demand for documents and information relating to the TD Account and the Insurance Claim; and (iii) granting such other and further relief as the Court deems just and proper

Dated: Westbury, New York
      January 17, 2014

THALER LAW FIRM PLLC
*Attorneys for Andrew M. Thaler,*
*Chapter 7 Trustee*
675 Old Country Road
Westbury, New York 11590
Phone: (516) 279-6700
Fax: (516) 279-6722

By: _/s/ Andrew M. Thaler_
Andrew M. Thaler
athaler@athalerlaw.com